THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN DOUGLAS HAMBLIN,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:14-cr-00067-DN<br><br>District Judge David Nuffer |

Defendant Ryan Douglas Hamblin seeks early termination of his ten-year term of supervised release ("Motion").[1] The government opposes Mr. Hamblin's Motion.[2] And because of its internal policy regarding the nature of Mr. Hamblin's offense, the United State Probation Office takes no position on the Motion.[3]

Upon consideration of Mr. Hamblin's conduct while on supervised release and the relevant factors of 18 U.S.C. § 3553(a), early termination of Mr. Hamblin's supervised release is not in the interest of justice. Therefore, Mr. Hamblin's Motion[4] is DENIED.

## 1    DISCUSSION

"The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised

---

[1] Defendant's Motion for Early Termination of Supervised Release ("Motion"), docket no. 42, filed Apr. 6, 2026.

[2] United States' Response in Opposition to Motion for Early Termination, docket no. 49, filed Apr. 20, 2026.

[3] Report on Person Under Supervision ("Report") at 2, docket no. 51, filed May 7, 2026.

[4] Docket no. 42, filed Apr. 6, 2026.

release[.]"[5] Early termination of supervised release is appropriate, "if [the court] is satisfied that

such action is warranted by the conduct of the defendant released and the interest of justice."[6]

The relevant factors of 18 U.S.C. § 3553 include:

- the nature and circumstances of the offense and the history and characteristics of the defendant;[7]
- the need for the sentence imposed to:
    - afford adequate deterrence to criminal conduct;[8]
    - protect the public from further crimes of the defendants;[9]
    - provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;[10]
- the kinds of sentence and the sentencing range established for the applicable category of offense committed;[11]
- any pertinent policy statement issued by the United States Sentencing Commission;[12]
- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;[13] and
- the need to provide restitution to any victims of the offense.[14]

Mr. Hamblin was sentenced to a ten-year term of supervised release for his conviction of

Possession of Child Pornography.[15] Mr. Hamblin began his term of supervised release on

---

[5] 18 U.S.C. § 3583(e)(1).

[6] *Id.*

[7] *Id.* § 3553(a)(1).

[8] *Id.* § 3553(a)(2)(B).

[9] *Id.* § 3553(a)(2)(C).

[10] *Id.* § 3553(a)(D).

[11] *Id.* § 3553(a)(4).

[12] *Id.* § 3553(a)(5).

[13] *Id.* § 3553(a)(6).

[14] *Id.* § 3553(a)(7).

[15] Amended Judgment in a Criminal Case at 3, docket no. 36, filed July 1, 2014.

February 26, 2021.[16] He has completed just over half of his ordered term of supervised release. Since his supervision began, Mr. Hamblin "has done very well overall and has made progress in his life[.]"[17] "He appears to be taking sobriety and personal growth seriously."[18] Mr. Hamblin successfully completed sex offender treatment and has maintained a stable residence, positive support system, and gainful employment.[19] He has complied with the terms of his supervised release and has satisfied all financial obligations imposed with his sentence.[20] And he is enrolled in bi-weekly aftercare classes.[21]

Mr. Hamblin's conduct while on supervised release is commendable. The record shows that he appears to be committed to a changed lifestyle and is "doing his best to remain lawful well beyond the period of supervision."[22] However, much of Mr. Hamblin's conduct is also what is expected of a defendant while on supervised release and, at this time, does not justify early termination of his supervision when considered with the relevant § 3553(a) factors.

Because of the nature of Mr. Hamblin's offense, he is not entitled to a presumption in favor of early termination of supervised release.[23] The nature and circumstances of Mr. Hamblin's offense also weigh heavily against early termination of his supervised release. As detailed in the Presentence Investigation Report, Mr. Hamblin's offense conduct included him sending or receiving 284 emails containing numerous images and videos of child pornography

---

[16] Report at 1.

[17] *Id.*

[18] *Id.*

[19] *Id.* at 1-2.

[20] *Id.*

[21] Letter from Mr. Hamblin, docket no. 50-1, filed Apr. 24, 2026.

[22] Report at 2.

[23] *Id.* at 1; Guide to Judiciary Policy, Vol. 8, Part E, § 360.20.

from September 11, 2012, through December 31, 2012.[24] He also sent or received additional emails containing at least 17 images and three videos of child pornography from August 12, 2013, through August 18, 2013.[25] At the time of his offense conduct, Mr. Hamblin was a registered sex offender, having been convicted in the State of Utah with Attempted Sexual Exploitation of a Minor in 2006.[26] He was also on probation for a separate State of Utah misdemeanor conviction for Possession of Burglary Tools.[27] And Mr. Hamblin's psychosexual assessment placed his risk for committing a future sexual offense as "moderate-high."[28]

The imposed ten-year term of supervised release for Mr. Hamblin was and remains appropriate and necessary to adequately deter criminal conduct. The ten-year term of supervised release is also consistent with the kinds of sentence and the sentencing range established for the offense committed. And the ten-year term of supervised release does not create unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Under the circumstances and considering the relevant factors of 18 U.S.C. § 3553(a), early termination of Mr. Hamblin's supervised release is not in the interest of justice. Mr. Hamblin's years of compliant conduct while on supervised release does not go unnoticed. Nor does his apparent commitment to changing his lifestyle for the better. The denial of his Motion

---

[24] Presentence Investigation Report ¶ 7 at 3-4, docket no. 31, filed under seal June 11, 2014.

[25] *Id*. ¶ 14 at 6.

[26] *Id*. ¶ 8 at 4, ¶ 37 at 11.

[27] *Id*. ¶ 38 at 12.

[28] *Id*. ¶ 54-at 16-17. The discharge summary from Mr. Hamblin's later completed sex offender treatment indicates that his risk level has lowered to "low risk," but recommends continued aftercare therapy sessions. Alpha Counseling Successful Discharge Summary at 4-5, docket no. 46-3, filed under seal Apr. 15, 2026.

reflects the nature of the offense, Mr. Hamblin's other criminal history, and public expectations to minimize rights more than the positive efforts Mr. Hamblin has made while under supervision.

## 2   ORDER

IT IS HEREBY ORDERED that Mr. Hamblin's Motion[29] is DENIED.

Signed May 7, 2026.

BY THE COURT

David Nuffer
United States District Judge

---

[29] Docket no. 42, filed Apr. 6, 2026.